UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ROBERT DROBIL,

    Petitioner,                           Civil No. 2:09-11597
                                           HONORABLE GEORGE CARAM STEEH
v.                                 UNITED STATES DISTRICT JUDGE

PATRICIA BARNHART,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Richard Robert Drobil, ("petitioner"), incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a reply to the motion. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner was convicted of the above offense following a jury trial in the Oakland County Circuit Court and was sentenced to life imprisonment without parole on April 4, 1963.

The Oakland County Circuit Court initially denied petitioner's request for

the appointment of appellate counsel, but the Michigan Supreme Court subsequently ordered the trial court to appoint appellate counsel for petitioner. *People v. Drobil,* No. 50862 (Mich.Sup.Ct. July 6, 1964). Appellate counsel was appointed to represent petitioner on August 27, 1964.

Although appellate counsel failed to file a timely appeal of right as per the court rules in effect at the time of petitioner's direct appeal, counsel did file a delayed motion for a new trial, which the trial court denied on August 25, 1967. *See People v. Drobil,* No. 63-020406-FX, * 2 (Oakland County Circuit Court, August 15, 2007). Petitioner then filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was denied. *People v. Drobil,* No. 5302 (Mich.Ct.App. July 10, 1968). The Michigan Supreme Court denied petitioner leave to appeal on July 1, 1969. *People v. Drobil,* 382 Mich. 766 (1969).

In 1980, petitioner filed a pro per motion for a new trial, which was denied. *See People v. Drobil,* No. 63-020406-FX, * 2 (Oakland County Circuit Court, August 15, 2007). The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Drobil,* No. 51522(Mich.Ct.App. November 13, 1980); *reh. den.* February 3, 1981.

On June 2, 2000, petitioner filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court. After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, collateral state court proceedings ended on May 29, 2001, when the Michigan

Supreme Court denied petitioner's post-conviction application for leave to appeal. *People v. Drobil,* 464 Mich. 860 (2001).

In 2007, petitioner filed a second motion for relief from judgment, which the trial court denied. *People v. Drobil,* No. 63-020406-FX (Oakland County Circuit Court, August 15, 2007). The Michigan Court of Appeals denied petitioner's application for leave to appeal, on the ground that petitioner was precluded from filing a second motion for relief from judgment pursuant to M.C.R. 6.502(G). *People v. Drobil,* No. 283423(Mich.Ct.App. April 9, 2008). The Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his second motion for relief from judgment on July 14, 2008, on the ground that the application had not been timely filed within fifty six days of the Michigan Court of Appeals' order, as required by M.C.R. 7.302. *See* Letter from Inger Z. Meyer, Deputy Clerk, Michigan Supreme Court, dated July 14, 2008. [1]

Petitioner's habeas application is signed and dated April 20, 2009. [2]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] *See* Letter Attached to the Petition for Writ of Habeas Corpus.

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on April 20, 2009, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1).

Petitioner's direct appeals with the Michigan courts were completed on July 1, 1969, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals.

Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment thus became final on September 29, 1969, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Subsequent to his direct appeal, petitioner filed a motion for a new trial in 1980. The motion was denied by the trial court in 1980 and appellate review of this motion concluded on February 3, 1981. This Court must resolve whether this motion would be considered part of the direct review process or the collateral review process, for determining when the one year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit, in the context of determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v. Montana,* [3] has noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones,* 226 F. 3d 656, 659 (6th Cir. 2000)(*citing to People v. Ward,* 459 Mich. 602; 594 N.W. 2d 47, 52 (1999)). Petitioner's motion for a new trial should be considered a collateral attack on his conviction, because the motion was filed some seventeen years after his sentencing. *Ward,* 459 Mich. at 611-13 (motion to vacate guilty plea, which was

---

[3] 442 U.S. 510 (1979).

5

filed more than fourteen months after conviction, should have been considered a collateral attack on his conviction); *See also O'Quinn v. Lafler,* No. 2008 WL 3050401, * 2 (E.D. Mich. July 28, 2008)(motion for a new trial a collateral attack on conviction, because it was filed over three years after sentencing).

However, because this motion for state post-conviction relief was denied prior to the AEDPA's enactment date of April 24, 1996, petitioner was still given one year from that date, that is, no later than April 24, 1997, to file his habeas petition, unless the statute of limitations was otherwise tolled. *See Miller v. Marr*, 141 F. 3d 976, 977 (10th Cir. 1998); *Davis v. Stegall,* 2003 WL 1867920, * 2 (E.D. Mich. March 17, 2003).

Petitioner filed his first post-conviction motion for relief from judgment on June 2, 2000, well after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *Grayson,* 185 F. Supp. 2d at 750. Therefore, petitioner's first post-conviction motion did not toll the running of the statute of limitations. Likewise, petitioner's second motion for relief from judgment, which also was filed in the state court after the expiration of limitations period, did not toll the limitations period either. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir.

2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

In his reply, petitioner contends that the AEDPA's statute of limitations should not bar the review of his petition, because there is a jurisdictional defect with his conviction, due to the fact that he was completely denied the right to the assistance of counsel at his preliminary examination and constructively denied the assistance of counsel at trial and on his direct appeal, due to the failure of trial and appellate counsel to meaningfully test the prosecution's case.

The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). The mere fact that there may be a jurisdictional defect in petitioner's conviction because he was denied counsel at his preliminary examination or constructively denied the assistance of counsel at trial and on direct appeal would not mean that the limitations period contained in § 2244(d) is inapplicable to his conviction. *See Frazier v. Moore,* 252 Fed. Appx. 1, 4-5 (6th Cir. 2007); *See also Barreto-Barreto v. U.S.,* 551 F. 3d 95, 100 (1st Cir. 2008)(jurisdictional challenge was not exempt from one-year limitations period for filing motion to vacate sentence pursuant to 28 U.S.C.A. § 2255); *U.S. v. Hicks,* No. 2009 WL 1620430, * 1 (E.D. Mich. June 9, 2009)(same); *Banks v. Ludwick*, No. 2008 WL 2397627, * 5

(E.D. June 11, 2008)("there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d)"). Petitioner's argument is without merit.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007); *See also Wilson v. Birkett,* 192 F. Supp. 2d 762, 766-67 (E.D. Mich. 2002).

Finally, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-

8

600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327).  For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *See also Giles,* 239 Fed. Appx. at 147-48 (petitioner's largely unsupported claim of actual innocence did not warrant tolling).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the

AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753. Because a plain procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  December 11, 2009

                                                                  S/George Caram Steeh                              
                                                                  GEORGE CARAM STEEH
                                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 11, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk